UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                                              ) | |
|                    Plaintiff,                           ) | |
|                                                              ) | |
|         v.                                                ) | |
|                                                              ) | |
| SPRINGFIELD, MASSACHUSETTS   ) | |
|   POLICE DEPARTMENT              ) | |
|                                                              ) | |
|         and                                               ) | |
|                                                              ) | |
| CITY OF SPRINGFIELD, MASSACHUSETTS ) | |
|                                                              ) | |
|                    Defendants.                        ) | |

## COMPLAINT

1. The United States of America brings this action under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601, against the Springfield Police Department and the City of Springfield to remedy a pattern or practice of excessive force by Springfield Police Department Narcotics Bureau officers that violates the Fourth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

2. The United States is authorized to initiate this action against Defendants under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201.

4. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C.

§ 1391(b)(1) because Defendants are located in the District of Massachusetts, and under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in the City of Springfield, within the District of Massachusetts.

## PARTIES

5. Defendant Springfield Police Department ("SPD") is the primary law enforcement agency within the City of Springfield, employing approximately 500 sworn officers. SPD is a governmental authority within the meaning of 34 U.S.C. § 12601.

6. Defendant City of Springfield ("the City") is a municipality located within the Commonwealth of Massachusetts. The City is a governmental authority within the meaning of 34 U.S.C. § 12601. The City is responsible for funding SPD and for the acts or omissions of SPD.

## FACTUAL ALLEGATIONS

### Background

7. The Narcotics Bureau was a unit of SPD plainclothes officers tasked with apprehending those suspected of narcotics offenses and executing narcotics search and arrest warrants. On July 8, 2021, SPD announced that it was dismantling its Narcotics Bureau and renaming it the Firearms Investigation Unit. All Narcotics Bureau officers have been reassigned to the newly-created Firearms Investigation Unit, which focuses on reducing gun violence in Springfield.

8. On April 13, 2018, the United States opened a pattern or practice investigation into SPD's Narcotics Bureau.

9. The United States issued a report on SPD's Narcotics Bureau on July 8, 2020. As a result of its investigation, the United States found reasonable cause to believe that SPD's

Narcotics Bureau engaged in a pattern or practice of excessive force that violates the Fourth Amendment to the Constitution.

### SPD Narcotics Bureau's Use of Excessive Force

10. SPD's Narcotics Bureau engaged in a pattern or practice of using force that is objectively unreasonable under the circumstances in which the force was applied, including the threat posed by the suspect and the severity of the alleged underlying crime, in violation of the Fourth Amendment.

11. SPD Narcotics Bureau officers punched individuals in the face unnecessarily, in part because they escalated encounters with civilians too quickly.

12. SPD Narcotics Bureau officers also punched subjects' head areas with closed fists as an immediate response to resistance without attempting to obtain compliance through other less serious uses of force.

13. SPD Narcotics Bureau officers conducted unnecessarily forceful takedowns that could reasonably be expected to cause head injuries without legal justification.

14. SPD Narcotics Bureau officers often failed to report use of force incidents that should have been reported and made reports that were inconsistent with other available evidence, including video and photographs.

### SPD's Narcotics Bureau's Constitutional Violation is Rooted in Systemic Deficiencies in SPD Policies, Accountability Mechanisms, and Training

15. SPD's deficient policies, accountability mechanisms, and training contributed to the Narcotics Bureau's pattern or practice of excessive force.

16. SPD policy does not require appropriate use of force reporting. It does not require the reporting of certain significant uses of force, such as takedowns, punches, or other

"hands on" uses of force.  These deficiencies allowed SPD Narcotics Bureau officers to avoid reporting any use of hands-on force.

17. SPD's failure to require supervisors to adequately review uses of force—including by failing to require officers to write sufficiently detailed written reports, and failing to collect and analyze evidence or witness statements to assess officers' uses of force—results in cursory reviews of uses of force and a lack of appropriate referrals to SPD's Internal Investigations Unit.

18. SPD does not have adequate systems in place to detect, address, and prevent officer misconduct.  SPD's Internal Investigations Unit (IIU) conducts inadequate investigations of misconduct allegations based on significant shortcomings in IIU investigative techniques.  Further, the City's Community Police Hearing Board, which used to make misconduct determinations, lacked the support and training it needed to make sound conclusions and determinations when adjudicating alleged misconduct cases.

19. SPD fails to adequately train its officers on the use of punches and strikes.  In addition, SPD Narcotics Bureau sergeants did not receive adequate training on supervising officers.

20. Together, these failures prevent SPD from deterring, identifying, and correcting misconduct that contributes to a pattern or practice of violating the Constitution.

## CAUSE OF ACTION

### Defendants' Pattern or Practice of Conduct Violates 34 U.S.C. § 12601 and the Fourth Amendment

21. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures, shall not be violated."

22.     By the actions set forth above, Defendants have engaged and will continue to engage in a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Fourth Amendment to the United States Constitution, in violation of 34 U.S.C. § 12601.

23.     Unless restrained by this Court, Defendants will continue to engage in the unconstitutional conduct alleged herein, or other similar unconstitutional conduct, causing irreparable harm to the people of Springfield.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an ORDER that:

1.      Declares that Defendants have engaged in a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Fourth Amendment to the Constitution of the United States, in violation of 34 U.S.C § 12601;

2.      Enjoins Defendants, their officers, agents, and employees from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct;

3.      Orders Defendants to adopt and implement policies, procedures, training, accountability systems, and practices to eliminate the pattern or practice of unconstitutional and unlawful conduct described herein; and to prevent Defendants from depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States; and

4. Orders such other appropriate relief as the interests of justice may require.

Dated: April 13, 2022

Respectfully submitted,

| | |
|---|---|
| RACHAEL S. ROLLINS<br>United States Attorney<br>District of Massachusetts | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| JENNIFER A. SERAFYN<br>Chief, Civil Rights Unit<br>District of Massachusetts | STEVEN H. ROSENBAUM<br>Chief, Special Litigation Section |
| | PAUL KILLEBREW<br>Deputy Chief, Special Litigation Section |
| */s/ Michelle Leung*<br>MICHELLE LEUNG, BBO #568624<br>TOREY B. CUMMINGS<br>Assistant U.S. Attorneys<br>District of Massachusetts<br>John Joseph Moakley Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>(617) 748-3626<br>Michelle.Leung@usdoj.gov<br>Torey.Cummings@usdoj.gov | */s/ F. Nicole Porter*<br>F. NICOLE PORTER<br>ARIONA JEAN-JOHNSON<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 514-6255<br>Nicole.Porter@usdoj.gov<br>Ariona.Jean-Johnson@usdoj.gov |