**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA, )
Plaintiff, )
v. )
SPRINGFIELD POLICE DEPARTMENT )
and )
CITY OF SPRINGFIELD, )
Defendants. )

**MEMORANDUM IN SUPPORT OF PARTIES' JOINT MOTION TO ENTER SETTLEMENT AGREEMENT AS AN ORDER OF THE COURT**

Plaintiff, United States of America ("United States"), and Defendants, Springfield, Massachusetts Police Department ("SPD") and City of Springfield, Massachusetts ("City"), both respectfully request that this Court enter the attached Settlement Agreement ("Agreement") as an order of this Court, making it a "consent decree." The Agreement would resolve litigation initiated by the United States with the filing of a Complaint pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601 ("Section 12601").

As argued in this memorandum, the Parties seek entry of this Agreement to ensure that the agreed-upon comprehensive measures to reform the practices of SPD and the Narcotics Bureau's successor unit, the Firearms Investigation Unit, are implemented fully and faithfully. In accordance with Paragraphs 242-247 of the attached Agreement, the Parties request that the Court retain jurisdiction over the Agreement for the purpose of enforcing its terms until Defendants have achieved Substantial and Effective Compliance, as defined by the Agreement, and maintained that compliance for two consecutive years.

In its Complaint, the United States alleges that Defendants, through the actions of SPD's Narcotics Bureau, engaged in a pattern or practice of excessive force by law enforcement officers that deprives persons of the rights, privileges, or immunities secured or protected by the Fourth Amendment to the United States Constitution. The Complaint also alleges that SPD's deficient policies, accountability mechanisms, and training contributed to the Narcotics Bureau's pattern or practice of excessive force. The Parties agree that departmental changes in areas such as reporting, investigations, and training will address the systemic deficiencies that contributed to the constitutional violations, and further the shared goals of increasing accountability, providing officers with appropriate training, and improving transparency. The Parties hereby agree and stipulate to the Court's entry of all aspects of this Agreement in resolution of the United States' Complaint against the Defendants.

## I. Background

In April 2018, the United States opened a pattern or practice investigation of SPD's Narcotics Bureau, pursuant to Section 12601. The Narcotics Bureau was a small unit of plainclothes officers tasked with apprehending individuals suspected of narcotics offenses and executing narcotics search and arrest warrants. On July 8, 2020, the United States issued a report ("Findings Report") detailing its investigative findings. The United States found reasonable cause to believe that SPD's Narcotics Bureau engaged in a pattern or practice of excessive force in violation of the Fourth Amendment of the United States Constitution. One year later, on July 8, 2021, SPD announced that it was dismantling its Narcotics Bureau and renaming it the Firearms Investigation Unit ("FIU"). All SPD Narcotics Bureau officers have been reassigned to the newly-created FIU, which focuses on reducing gun violence in Springfield.

Following the release of the Findings Report, the Parties engaged in extensive negotiations to address and resolve the United States' findings. Additionally, the Parties solicited significant input from Springfield residents, stakeholders, and advocacy groups to inform the negotiation process. The negotiations and input resulted in the attached Agreement, which mandates reforms to remedy the constitutional violations alleged in the Complaint. By implementing this Agreement, the City and SPD will deliver police services in a manner that complies with the Constitution, protects officers and the public, and improves public confidence in law enforcement.

## II. The Agreement Satisfies All Requirements for Entry as a Court Order

Entry of the Agreement is appropriate because the Agreement is fair, adequate, and reasonable, does not violate the Constitution or any other lawful authority, is consistent with Congress's objectives, and is in the mutual interest of the Parties and the public. The First Circuit has recognized that district courts are guided by a clear policy encouraging settlements. *See Durrett v. Hous. Auth. of Providence*, 896 F.2d 600, 604 (1st Cir. 1990). In determining whether to approve a proposed consent decree, "[d]istrict courts must review [the] consent decree to ensure that it is 'fair, adequate, and reasonable, that the proposed decree will not violate the Constitution, a statute or other authority; [and] that it is consistent with the objectives of Congress . . . .'" *Conservation Law Found. of New England, Inc. v. Franklin*, 989 F.2d 54, 58 (1st Cir. 1993) (quoting *Durrett*, 896 F.2d at 604). Additionally, in evaluating the consent decree's fairness, "a court should examine both the procedural and substantive aspects of the decree," and "fairness should be examined from the standpoint of signatories and non-parties to the decree." *Shwachman v. Town of Hopedale*, 2021 U.S. Dist. LEXIS 95931 at *7 (D. Mass. 2021) (quoting *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1040 (D. Mass.

1989)). In conducting its review, the district court "must eschew any rubber stamp approval in favor of an independent evaluation, yet, at the same time, it must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *United States v. Comunidades Undas Contra la Contaminacion*, 204 F.3d 275, 281 (1st Cir. 2000) (quoting *United States v. Hooker Chemicals and Plastics Corp.*, 540 F. Supp. 1067, 1072 (W.D.N.Y. 1982)). Consistent with these requirements, the attached Agreement is fair, adequate and reasonable; is not unlawful; is consistent with Congressional objectives; and is in the Parties' and public's interest.

**A. The Settlement Agreement is Fair, Adequate, and Reasonable**

The Agreement is fair, adequate, and reasonable. Congress tasked the Department of Justice with enforcement of Section 12601, which forbids law enforcement officers from engaging in a pattern or practice of conduct "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601. Where the Department of Justice has reasonable cause to believe that a pattern or practice of unlawful conduct is occurring, Section 12601 authorizes the Department to obtain appropriate equitable and declaratory court relief that will "eliminate the pattern or practice." *Id.* The negotiation team for the United States included experienced attorneys from the Special Litigation Section of the Civil Rights Division and the United States Attorney's Office for the District of Massachusetts. Additionally, throughout the investigation and negotiation process, the United States consulted with subject matter experts to discuss its concerns about use of force practices in the Narcotics Bureau and ensure that each remedial measure in the Agreement is tailored to address these concerns and may be reasonably implemented by Defendants. The negotiation team for Defendants also included highly experienced attorneys, including a retired

Massachusetts Supreme Judicial Court Chief Justice. The detailed reforms in the Agreement are the product of this expertise.

The Agreement addresses the United States' findings following its comprehensive review of SPD's policies and Narcotics Bureau practices and conduct. During its fifteen-month investigation, the United States reviewed over 114,000 pages of documentary evidence, including SPD's use of force policies and procedures; training materials related to the use of force and accountability; SPD internal affairs protocols; officer reports regarding use of force incidents resulting in injury; arrest reports; over 100 internal investigations conducted by SPD's Internal Investigations Unit; and personnel files. The United States also interviewed City officials, SPD officers and command staff, representatives of the patrol officer and supervisor unions, community members, plaintiffs' attorneys, and other stakeholders. At the conclusion of the investigation, the United States issued a 28-page report concluding that it had reasonable cause to believe that SPD's Narcotics Bureau and its officers engaged in a pattern or practice of violating the Constitution. The Agreement is the culmination of an extensive investigatory process that informed its specific provisions.

The Agreement is also the product of significant community input. During its investigation, the United States met with advocacy and community organizations, individual community members, SPD officers, and police union representatives. After the release of the Findings Report, the Parties again solicited community input. Defendants convened community meetings to hear directly from Springfield residents. The United States held virtual meetings during the COVID-19 pandemic with members of the Springfield City Council and community groups. The views, perspectives, and opinions gathered during all of these meetings were critical

to the Parties' understanding of the reforms that are needed. The Agreement reflects this broad input.

To ensure that the Agreement's fairness, adequacy, and reasonableness persist over time, the Agreement provides for independent oversight in the form of a Compliance Evaluator, selected by the Parties and approved by the Court, to assess the City and SPD's efforts at implementing the Agreement. The Compliance Evaluator will also provide technical assistance to SPD to ensure that the agency's efforts are carried outefficiently and successfully. The Compliance Evaluator will save the time and resources of both the Parties and the Court, provide the public with an objective and independent assessment of the status of the Agreement's implementation, and determine whether this implementation is achieving the overall objective of effective, constitutional policing.

**B. The Agreement Is Not Unlawful**

The Agreement does not violate the Constitution, a statute, or other authority. Having received extensive community input, the Parties negotiated in good faith to reach agreement on numerous reforms to SPD's existing policies, practices, and procedures, as well as its training and accountability structures.

Furthermore, the process by which the Parties negotiated demonstrates that it was not a product of collusion. Negotiations began after the United States issued its Findings Report on July 8, 2020, and included many months of lengthy, frequently scheduled virtual meetings and e-mail exchanges. Throughout the negotiations, the Parties were represented by experienced counsel and representatives who are intimately familiar with SPD and the Narcotics Bureau's practices, the City's structure and resources, and the United States' findings. This adversarial posture during negotiations, as well as the degree to which the discussions were informed by the

expertise of the Parties, their consultants, and community members, provide further assurance that the Agreement meets the legal requirements of a settlement.

### C. The Settlement Agreement Is Consistent with Congressional Objectives and Is in the Public Interest

The Settlement Agreement is consistent with the objectives of Section 12601 and federal statutory law and is in the public interest. As stated above, Section 12601 prohibits law enforcement officers from engaging in a pattern or practice "that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601. Where the United States has reasonable cause to believe that a pattern or practice of unlawful conduct is occurring, Congress has authorized the United States to initiate a civil action to obtain appropriate equitable and declaratory relief sufficient to "eliminate the pattern or practice." 34 U.S.C. § 12601; *see also* H.R. REP. NO. 102-242, pt. 1, at 137 (1991).

The Agreement's substantive conditions are designed to address the allegations in the Complaint, as well as the underlying causes of the alleged unlawful conduct. The proposed Agreement before the Court serves the public interest because it requires SPD to reform its practices and deliver police services in a manner that is fair, effective, and consistent with legal requirements.

The Agreement is an appropriate resolution of the issues raised by the Findings Report, because voluntary compliance with a negotiated agreement overseen by a court is more likely to expeditiously accomplish agreed-upon goals than forced compliance with court orders imposed at the end of contested, protracted, and costly litigation.

## III. Conclusion

For the foregoing reasons, the Parties respectfully move this Court to enter the attached Settlement Agreement as an Order of the Court.

Respectfully submitted,

For Plaintiff UNITED STATES OF AMERICA:

RACHAEL S. ROLLINS
United States Attorney
District of Massachusetts

JENNIFER SERAFYN
Chief, Civil Rights Unit
District of Massachusetts

*/s/ Michelle Leung*
MICHELLE LEUNG, BBO #568624
TOREY B. CUMMINGS
Assistant U.S. Attorneys
District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3626
Email: Michelle.Leung@usdoj.gov
Email: Torey.Cummings@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Special Litigation Section

PAUL KILLEBREW
Deputy Chief, Special Litigation Section

*/s/ F. Nicole Porter*
F. NICOLE PORTER
ARIONA JEAN-JOHNSON
Trial Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-6255
Email: Nicole.Porter@usdoj.gov
Email: Ariona.Jean-Johnson@usdoj.gov

For Defendants SPRINGFIELD, MASSACHUSETTS POLICE DEPARTMENT and CITY OF SPRINGFIELD:

*/s/ John Payne*
JOHN PAYNE
City Solicitor
City of Springfield Law Department
36 Court Street – Room 210
Springfield, Massachusetts 01103
(413) 787-6085
Email: jpayne@springfieldcityhall.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of April 2022, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Michelle Leung*
MICHELLE LEUNG
Assistant United States Attorney