**CITY OF SPRINGFIELD**
**BOARD OF POLICE COMMISSIONERS AND POLICE SUPERINTENDENT'S**
**OVERSIGHT AND IMPROVEMENT REPORT**
**December 26, 2025**

As required by the Department of Justice Settlement Agreement (par. 125), within one year of the effective date (4/28/22) of the Agreement, the Board of Police Commissioners and the Springfield Police Department (SPD) Superintendent, after consulting with the Compliance Evaluator, will draft an oversight and improvement report and present it to the City for the Mayor's review.   This process is being conducted in the third year after the 4/28/22 effective date, in December, 2025, with the approval of the Compliance Evaluator.

The report and its recommendations will be posted publicly on the City website – on the Board of Police Commissioners page,  as well as on the SPD website, Board of Police Commissioners page.

Within three months of the issuance of the final report, the Mayor will determine which of the Board of Police Commissioners' recommendations to adopt, with a public explanation for adopting or not adopting each recommendation.

Recommendations from Police Superintendent Lawrence Akers which do not require adoption by the Mayor are also contained in this report.

This report will assess and make recommendations on five (5) topics, in sections (a) through ( e), as set forth below.

1

a. **Whether there are impediments to SPD's civilian complaint processes that inhibit the ability of the Springfield community to obtain accountability for misconduct;**

There are multiple locations and methods for members of the public to file a citizen's complaint.

This information is detailed in the attached "Citizen Compliment and Complaint Form" pamphlet prepared by the SPD Internal Investigations Unit and Police Superintendent Lawrence Akers. See Exhibit A. This form can also be downloaded from the SPD website **SpringfieldMAPolice.com.**

Members of the public may file Compliments and Complaints as follows:

## 24 hours per day:

*Online on the SPD website **SpringfieldMAPolice.com.**
*by email to SPD at **IIUSubmit@SpringfieldPolice.net**
*by visiting Police Headquarters at 130 Pearl Street, Springfield, MA., first floor lobby window and ask to speak with a supervisor about filing a citizens complaint, or by calling the SPD Front Desk 413-787-6322 and asking to speak with a supervisor, or by calling the commanding officer on duty, or calling the Squad Commanding Officer at 413-787-6325, to fill out a citizens complaint form. Complaint forms are collected daily and delivered to the Internal Investigation Unit.
*By mail to Springfield Police Department, PO Box 308, Springfield, MA. 01101-0308

## During business hours:

*by hand delivery or mail to the Internal Investigation Unit office at 299 Page Boulevard, Springfield, MA., 01104, phone 413-787-6383.
*at the Mayor's Office in Springfield City Hall, 36 Court Street, Room 214, Springfield MA. 01103, phone 413-787-6094, or 311
*at the Springfield District Court Clerk's Office, 50 State Street, Springfield, MA., first floor, phone 413-748-8600
*the Springfield Central Library, 220 State Street, Springfield, MA. 01103, main number 413-263-6828
*Citizens' Councils:
    Indian Orchard Citizen's Council, 117 Main Street, Indian Orchard, MA, phone 413-209-8240
    New North Citizen's Council, 3012 Main Street, Springfield, MA., phone 413-747-0090 or 413-732-3229
    South End Citizen Council, 510 Main Street, Springfield, MA., phone 413-732-5105
*the Urban League, 1 Federal Street, Building 111-3, Springfield, MA., phone 413-739-7211.

2

Please note that written complaints that are dropped off at non-SPD locations (e.g. the Mayor's Office, the District Court Clerk's Office, the Springfield Central Library, the Citizen's Councils, and the Urban League), might not be picked up the same day they are received. The organization would need to notify SPD/IIU that the complaint has been received so it can be picked up as soon as possible.

**Anonymous Complaints:**
Anonymous complaints that don't disclose the complainant's name or personal information may be made to the Springfield Police Department in the following ways:

By printing a "*Citizen Compliment and Complaint form*" (see Exhibit A) from the SPD website, or using any written format, to explain the reason for the complaint, and mailing or delivering it to the SPD Internal Investigation Unit (IIU) office at 299 Page Boulevard, Springfield, MA., 01104, or by calling the IIU office at 413-787-6383 and speaking to an investigator, or leaving a message after hours, explaining that the caller wishes to remain anonymous;

Anonymous complainants may also call the SPD at Police Headquarters, 130 Pearl Street, Springfield, MA., 01105, and ask to speak with a supervisor about their complaint, or by calling the Front Desk at 130 Pearl Street at 413-787-6322 and asking to speak with a supervisor, or the commanding officer on duty, or calling the Squad Commanding Officer at 413-787-6325, about their complaint;

By mailing a complaint in any format to the Springfield Police Department Headquarters at Springfield Police Department, PO Box 308, Springfield, MA. 01101-0308, or by dropping the complaint off at 130 Pearl Street, Springfield, MA., 01105, first floor lobby; or

By hand delivering a written complaint (in any format) to an officer in an SPD cruiser, without the need to give their name or information. If a person wants to give a verbal complaint to an officer in a cruiser, the officer will likely give them information on how to file a written complaint so that the important details are included.

According to Police Superintendent Akers, anonymous complaints are taken as seriously as regular citizen complaints.

**QR Codes on Cruisers:**
Superintendent Akers has recommended that SPD place QR codes on all SPD marked cruisers so members of the public may scan the code with their phones and get a link to a menu of options on the SPD website, including where and how they can file a Citizen's Compliment and Complaint Form. The Professional Standards Unit is looking into the process for implementing this technology.

**Board Members:**
Members of the Board of Police Commissioners also need to be able to inform members of the public where and how they can file citizen's complaints when asked. The

3

*"Springfield Police Department Citizen Compliment and Complaint Form"* ( Exhibit A) has been distributed to the Commissioners for their information, so they can respond to questions regarding where and how to file a compliment or complaint.

**Filing Citizen's Complaints at SPD Headquarters, 130 Pearl Street:**
A point of concern that came up in the interviews with some Commissioners is when members of the public try to file a citizen's complaint at the window of the first floor lobby of police headquarters at 130 Pearl Street, Springfield, MA. 01103.

Typically there is a police officer stationed there, rather than a supervisor. Superintendent Akers explained that if a citizen seeks to file a complaint at the SPD lobby window, the officer assigned there should notify a supervisor, typically the Watch Captain, whose office directly abuts the front window area. The Watch Captain or other supervisor then usually directs either the Booking Sergeant or a Lieutenant to meet with the person, provide them with a copy of the "Citizen Compliment and Complaint Brochure" with attached complaint form (see Exhibit A), and receive their information and written complaint. The supervisor then signs the complaint and gives the person a copy for their records. The supervisor then takes the original complaint and places it in the IIU secure mailbox to be picked up. A representative from IIU picks up citizen complaints at 130 Pearl Street on a daily basis.

Supt. Akers noted that sometimes the Watch Captain or other supervisor is not immediately available and that may cause a delay in the person being able to submit their complaint. Supt. Akers noted that if a citizens complaint involves a Sergeant, a Supervisor of a higher rank should be assigned to assist the person in submitting their complaint. Supt. Akers recommends that a police supervisor should assist the person seeking to file a complaint in a confidential manner, rather than a civilian SPD employee, due to the sensitive nature of the process. Supt. Akers indicated that no one should feel disrespected when attempting to file a citizen's complaint in the lobby at 130 Pearl Street.

Supt. Akers also noted that if a citizen attempting to file a complaint has concerns about the way they were treated at the front window, he would take action to address that issue.

---

**Status of Complaints:**

Persons who have filed citizen's complaints may receive information about the status of their complaint through the Internal Investigation Unit ("IIU") at 413-787-6383.

If Board members are asked questions from complainants about the status of their complaints, they should refer them to contact the IIU for that information.

The SPD Professional Standards Unit is looking into whether it can create a system that would enable complainants to check on the status of Special Order ("SO") citizen's complaints through a link on the SPD IIU webpage. If so, this feature would probably not be available until sometime in early 2026.

4

**b. Whether changes should be made to the administration and/or functions of the Board of Police Commissioners to improve its efficacy, including, but not limited to, investigations, resources, and coordination with and independence from SPD;**

**Investigations:** The Board of Police Commissioners does not conduct investigations. Rather, investigations are conducted by the SPD Internal Investigation Unit ("IIU"). When interviewed, the Commissioners each stated that they were satisfied with the investigations conducted by the Internal Investigation Unit, and they said the IIU investigators answered their questions whenever they called or visited the IIU office with questions about cases.

**Resources:** Interviews with the members of the Board of Police Commissioners indicate that the members have the resources they need to be successful. They have SPD-issued laptops to review cases, SPD cell phones, SPD Badges identifying them as Commissioners, letterhead and envelopes for correspondence as needed, and space at 299 Page Boulevard, Springfield, MA. for meetings and conducting hearings.

**Coordination with SPD:** Once an IIU misconduct investigation is completed, and the IIU Attorney has reviewed it and determined the potential charges would potentially merit discipline of *more than five (5) days' suspension* if the charges were sustained according to the SPD Disciplinary Matrix, the investigating supervisor notifies the members of the Board of Police Commissioners that the case has been downloaded to their SPD laptops for review.

If individual members of the BOPC have questions about an investigation, they can contact the IIU Investigators who work at 299 Page Boulevard, either by phone, email, or in-person meetings. No more than two Commissioners can meet or discuss the case with IIU investigators at the same time, as three (or more) Commissioners constitutes a quorum and that would violate the Open Meeting Law.

Each of the Commissioners need to review the IIU investigations in advance so that they are prepared to discuss and vote on whether a case should be assigned for a disciplinary hearing. These decisions are made at a posted Board meeting, usually in Executive Session, so as to protect the confidentiality of the complainant as well as the subject officer. At least three Commissioners must vote in favor to hold a disciplinary hearing on a case. If the Board votes to hold a disciplinary hearing, the parties will be notified of the hearing date when it is scheduled.

**Independence from SPD:** The Board is independent from SPD in its disciplinary oversight functions. Board members are appointed by the Mayor, and can only be removed by the Mayor. Additionally, the Board has no oversight of disciplinary decisions which have been imposed by the SPD Superintendent that involve a potential suspension without pay of five days or less. See Mass. Gen. Laws ch. 31, sec. 41.

5

The Board's budget is a line item within the SPD budget (approximately $20,000), and the City's Chief Administrative and Financial Officer has indicated that whatever financial resources are needed by the Board will be provided (e.g. training).    During interviews, each of the Board members indicated they have the resources they need to perform their duties.

For the Board to be fully independent of the SPD, including its annual budget, the City Council and the Mayor would have to approve changes to the City Ordinance regarding the Board.  (It should be noted that no other City Board or Commission has a budget which is completely independent of the Department which it is aligned with.)

**Compensation of BOPC Members**:  The Settlement Agreement refers to resources for the members of the BOPC including "compensation" (SA par. 121).  The members of the Board are unpaid, as are the members of all other members of City Boards and Commissions, and as such, there are no funds set aside in the City budget for the compensation of BOPC members.

**Qualifications of Commissioners**:
The City of Springfield's public website has a page for the Board of Police Commissioners.  The page lists the names of the current Board members, and when their terms expire.   When a Board member's term is about to expire or they resign, the City of Springfield Mayor's Office posts the vacancy on the City's website/Board of Police Commissioners page, and invites residents to submit letters of interest to serve on the Board.

Any Springfield resident interested in serving on the Board of Police Commissioners should submit a letter of interest to the Mayor's Office setting forth a brief explanation of why they are interested and a brief summary of their background (SA. Par. 116).

It is the Mayor's purview to determine what qualifications applicants for membership on the Board should possess.

The City website states that applicants must be persons of integrity; they must recognize the *significant time commitment* that Board membership requires; and be willing to commit sufficient time to the effort, which includes attending monthly meetings, attending disciplinary hearings, and attending monthly training sessions. Membership on the Board will include representation from a diverse cross section of the Springfield community.  No more than two Board members shall be former members of SPD, any former SPD members must have been separated from SPD for at least two years before being eligible to serve on the Board.

Some comments during the interviews for this report recommended that a "robust vetting process" with thorough reviews of the qualifications (and possibly background checks) of finalist candidates for Board membership should be conducted (independent of SPD), and presented to the Mayor for review, before a person is appointed to the Board.

**Training for Commissioners:**
Once appointed, it is recommended that newly appointed Commissioners be trained on the Board of Police Commissioners Manual, the Internal Investigation Unit Manual, the Open Meeting Law, the procedures for conducting Civil Service disciplinary hearings (including "just cause" for discipline), the Settlement Agreement required "dispositions" of charges/burden of proof for disciplinary hearings (the *preponderance of the evidence* standard for "sustained", "not sustained", and "exonerated" dispositions, as well as the *clear and convincing evidence* standard for "unfounded" dispositions), and the SPD Disciplinary Matrix, as soon as possible to assist new Commissioners participating in such hearings. This training can be conducted by the City Labor Relations Department, and the City Law Department.

In addition, it would be helpful for all Commissioners to receive training on Use of Force on an annual basis, as part of their monthly trainings. This training can be delivered by the SPD Academy Training Staff, and/or by outside training experts, including the MPTC.

**Disciplinary Hearings, Decisions and the Disciplinary Matrix:**
When conducting disciplinary hearings, it is important for Commissioners to pay particular attention to the testimony and evidence presented by the City's Labor Relations attorney representing the SPD, and the officer's attorney.

When voting on disciplinary charges, the Board must have at least three (3) votes in favor to make a finding on each charge of either "Sustained", "Not Sustained", "Unfounded" or "Exonerated".

If a charge is "Sustained" and the Board finds there is "just cause" for discipline pursuant to the Civil Service Disciplinary Statute, Mass. Gen. Laws c. 31, sec. 41, the Board must have at least three (3) votes in favor to impose discipline on that charge.

For each "Sustained" charge, the Board members consult the SPD Disciplinary Matrix, and after a discussion, a motion is made regarding the proposed discipline. The motion must have at least three (3) votes in favor to impose a particular form of discipline for that charge.

During their deliberations, Board members must be able to articulate the facts and evidence supporting the decision to "sustain" each charge, and the form of discipline for each charge.

Upon completion of a hearing there are forms that need to be filled out by the Board explaining the facts and evidence that formed the basis for the "disposition" decisions on each charge (sustained, not sustained, exonerated and unfounded), as well as for the discipline imposed on each charge, if any. If the Board deviates from the Disciplinary Matrix on any charge, a written explanation is required on the forms, including any aggravating or mitigating factors.

7

After a disciplinary hearing has been conducted on a police misconduct case, the Chairman of the Board of Police Commissioners issues a written notice to the subject officer regarding the Board's decision on each charge, with a brief explanation of the evidence supporting each Sustained charge, the reasons why there was just cause for discipline, among other requirements.

If the disciplinary hearing arose from a citizen's complaint, a written notice is issued to the complainant via letter (or email if preferred), letting them know that the case was heard by the Board, the date of the hearing, a brief explanation of the evidence presented at the hearing (e.g. witness testimony, body worn camera footage, other video footage, physical evidence, documents, etc), and whether the Board imposed discipline on the subject officer. The details of the discipline are not included in the notice.

If asked, Board members should not discuss the details of disciplinary cases or hearings with members of the public, to protect the confidentiality of the complainant and the subject officer.


## Deviations from the Disciplinary Matrix:

It is important for new and existing Commissioners to review and understand the SPD Disciplinary Matrix.

A particular concern involves disciplinary decisions involving sustained cases of "misrepresenting facts"/"untruthfulness", where Board members have deviated from the Disciplinary Matrix.

For example, section 2-0 "Misrepresenting Facts" is defined as "all intentional misrepresentation of fact and any manner of false reports or statements". This is a Category "F" offense which calls for "Termination" for a first occurrence. It is also a violation of SPD Rule 29, section 32 ("Truthfulness").

At a disciplinary hearing, when Commissioners sustain an allegation of misrepresenting facts or untruthfulness, but do not terminate the officer's employment, they must provide a written explanation on the hearing form explaining the facts and evidence that formed the basis for the sustained charges, and the *reasons for the deviating from the Disciplinary Matrix, including aggravating and mitigating factors*. This written explanation for deviations from the Disciplinary Matrix on any charge is a requirement of the Settlement Agreement.

There is a concern that when the Board members do not terminate an officer for "misrepresenting facts"/"untruthfulness", as this may expose the City and SPD to potential lawsuits for "retaining" the officer, even though they had no role in the disciplinary decision, and may dilute the importance of truthfulness among the SPD's sworn employees.

8

**POST Commission**: The POST Commission, a state agency, may suspend or revoke a police officer or supervisor's  law enforcement certification for certain types of misconduct.  The POST Commission has broad powers over law enforcement in Massachusetts.

c. **How existing civilian-police communication and accountability structures can be improved, or whether additional or different civilian or community oversight entities are necessary to provide guidance on community perspectives on SPD policies and practices and SPD's civilian complaint processes;**

## SPD's Civilian Complaint Process:

The Board of Police Commissioners is a 5-member, unpaid civilian oversight body tasked with reviewing IIU certain investigations, deciding whether to hold hearings on disciplinary matters, and determining whether the discipline of SPD officers is appropriate following a full hearing.    Disciplinary matters can be initiated through an administrative referral by a supervisor, or by a citizen's complaint.

Typically the Board conducts hearings where the IIU Attorney has reviewed an investigation and determined that the potential discipline for the alleged misconduct would be more than 5 days suspension without pay for the subject officer, based on the Disciplinary Matrix. (*Misconduct complaints where the potential discipline would be 5 days suspension or less are usually handled by the Police Superintendent and do not require a prior hearing, per Mass. Gen. Laws ch. 31, sec. 41*).

The Board has the authority to hear any police disciplinary matter *that has not already been disposed of,* subject to time limits for holding hearings, including cases where the potential discipline is less than a 5-day suspension.  Discipline by the Board may only be imposed by at least three members voting in favor.  Disciplinary hearings may be held with a quorum of three members, but it is strongly advised that all members be present.

Additional information on the SPD's civilian complaint process is available by reviewing the Internal Investigation Manual which is posted on the SPD Website on the IIU page.

The Board of Police Commissioners Manual sets out the duties regarding its disciplinary oversight role.  This Manual was posted for public comment by the City, DOJ and the Compliance Evaluator, and was approved by the Department of Justice and the Compliance Evaluator.

## Community Perspectives on SPD's Policies and Practices:

For the past 3 years, the SPD's Professional Standards Unit (PSU) has been developing policies to bring the SPD into compliance with the requirements of the Settlement Agreement. Each policy was posted for public comment before it was  approved by DOJ and the Compliance Evaluator.

The Board of Police Commissioners does not have a role in "guiding community perspectives on SPD policies and practices" that are not related to police discipline.

There are multiple ways that members of the public can participate in meetings to understand how the SPD operates.  Community meetings are held throughout the City on a regular basis

10

for the SPD to engage with citizens. SPD has a Community Policing Liaison, and officers participate in more than 320 community meetings and events each year including C-3 meetings and Beat Management meetings. Members of the SPD Professional Standards Unit also conduct Community Engagement surveys and host community meetings on a regular basis to listen to questions and receive feedback from the public about the SPD, its policies and procedures, etc. Organizations such as the Mass. Senior Action project and the Pioneer Valley Project also host meetings for the police to engage with members of the public and answer their questions.

Members of the Board of Police Commissioners expressed interest in attending neighborhood council meetings and other community events and meetings to answer questions about what the Board does and how people can file a compliment or complaint form, if needed. No more than two Board members may attend a community meeting at the same time as it would potentially violate the Open Meeting Law. *Board members may not discuss individual IIU investigations or disciplinary matters at these meetings.*

Some Commissioners noted that when they have attended community meetings in the past, most of the questions/concerns from the attendees involved traffic matters/speeding cars in their neighborhoods.

The SPD's new software from Axon will also assist with online community surveys for citizens to fill out. It is expected to be operational in sometime in late 2025or /early 2026.

**d) The Board of Police Commissioners' communications with the community, and whether the community has sufficient access to information about the Board of Police Commissioners' organization, complaint investigation activities, and discipline recommendation processes; and**

## Communications with the Community:

### Annual Meeting:
Per SA Paragraph 123, the Board of Police Commissioners holds a public meeting annually, at an accessible time and location, so that the public can learn more about the Board's functions and work. The Board of Police Commissioners publicizes the date and time of the meeting in communications on its website, on the City of Springfield website, and in communications sent to neighborhood and community groups. Postings to the websites are offered in English and Spanish.

The annual meeting has typically been held at the Raymond A. Jordan Senior Center at Blunt Park in Springfield. At the Annual Meeting the Board presents information about its work, and there is a public speak-out session for the public to ask questions and provide comments. The Annual Meeting is recorded and meeting minutes are kept.

### Public Speak-out Time at Regular Board meetings:
The Board of Police Commissioners also offers public speak-out time at its monthly meetings (as long as the meeting does not include an Executive Session). Most monthly meetings are held on the 2nd Wednesday of the month, but are sometimes postponed or canceled depending on the amount of business to be conducted.

The purpose of public speak-out sessions is for individuals to ask questions about the Board's work involving the discipline of police officers, including how to file a complaint, etc. However, during some speak-out sessions, members of the public have spoken at length about particular criminal cases being investigated by SPD, or about cases involving the District Attorney's Office, or civil lawsuits, which have no connection to the Board of Police Commissioners.

### Board of Police Commissioners Organization:
The Board of Police Commissioners consists of five (5) members, appointed by the Mayor, who are residents of Springfield. Members serve for a term of 3 years. Interested parties may apply for a position on the Board when an opening occurs, or when a current members' term is expiring or has expired, by sending a letter of interest to the Mayor, explaining why they believe they are qualified to be appointed to the Board. For more information, see section (b) above.

### SPD and City Websites:
Both the City of Springfield's website, Board of Police Commissioners' page, and the SPD website, Board of Police Commissioners page, list the names, SPD emails, and · SPD issued telephone numbers of the Board members, if members of the public want to

12

reach out to them.

One of the Board members suggested that photos of the Board members be posted in the SPD roll call room so that officers and supervisors know who they are.

## Complaint Investigation activities:

By City ordinance, the Board's role is to review police disciplinary cases, and to hold hearings to determine whether the discipline of sworn officers is appropriate.

The Board of Police Commissioners does not conduct its own investigations. Investigations are conducted by the SPD Internal Investigation Unit, and then reviewed by the Board to determine whether to vote to hold a disciplinary hearing on the case. The Board meets in Executive Session to vote on whether to hold a hearing (unless the subject officer requests an Open Session), and Board members may ask questions of the IIU investigator when deciding whether a hearing should be held.

## Complaint Investigation and Discipline Recommendation Process:

When the IIU receives a complaint, the IIU Captain reviews it and forwards it to the IIU Attorney for review, and then it is forwarded to the Superintendent for review. The Superintendent then issues an order to investigate, depending on the seriousness of the complaint.

If the nature of the complaint is categorized as a Special Order ("SO") that could potentially result in discipline involving a suspension without pay of *5 days or less* for the subject officer, the Superintendent reviews the case, determines whether discipline is appropriate, and no hearing is required per Mass. Gen. Laws ch. 31, sec. 41 (the Civil Service disciplinary statute). After receiving the written notice of discipline, the subject officer may request a hearing before the Superintendent or a hearing officer designated by the Superintendent.

When a complaint is referred to the IIU for investigation and the investigation is completed, the IIU Attorney reviews it again to determine if the potential discipline for the subject officer would be a 5-day suspension or less, or more than a 5-day suspension, based on the SPD Disciplinary Matrix. If the potential discipline would be a suspension of 5-days or less, the case would go to the Superintendent for disposition.

If the potential discipline could potentially be *more than* a 5-day suspension, the case is sent to the Board of Police Commissioners for review. The Board then votes on whether a disciplinary hearing should be held on the matter at a future date. Any potential discipline of *more than five days suspension* requires a hearing in accordance with the Mass. Civil Service disciplinary statute, MGL c. 31, sec. 41.

At the conclusion of a disciplinary hearing before the Board of Police Commissioners, if one or more of the charges are "sustained", the Board has the authority to impose

discipline ranging from a letter of reprimand, retraining, a letter of reinstruction, counseling from a supervisor, demotion, unpaid suspension, and/or termination. The Board refers to the SPD Disciplinary Matrix for each sustained charge, and if the discipline imposed by the Board is not consistent with the range of the discipline set forth in the Matrix, the Board must provide a written explanation for its decision, and list any mitigating and aggravating factors.

After the Board makes its decisions on whether the charges against a subject officer are "sustained", and votes on the discipline to be imposed, a letter to the officer is prepared and signed by the Board Chairman and delivered to the officer (or their attorney if the officer prefers). (See section IX of the IIU Manual).

If the disciplinary decision is the result of a citizen's complaint rather than an internal administrative complaint, the Chairman of the Board of Police Commissioners also sends a letter to the complainant informing them that the case was heard and whether discipline was imposed, but it does not specify the details of the discipline imposed.

The Settlement Agreement also requires certain information to be posted on the Board's page on the SPD website, including quarterly reports regarding actions by the Board at meetings and hearings, and anonymized summaries of disciplinary actions by the Board and the Superintendent.

**BOPC Quarterly Reports:**
Quarterly reports are posted on the SPD website, Board of Police Commissioners page, explaining the meeting data including the date, location, the type of meeting – open session or executive session, and agenda items. If the meeting was for a disciplinary hearing, posted details include the subject matter of the complaint, the date of the incident underlying the complaint, the case number (typically "Special Order", or "SO"), the evidence evaluated by the Board, a summary of the reasons for the disposition, and the Board's disposition of the case. There are no names of complainants or the subject officer/s on the Quarterly Reports.

**Anonymized Summaries of Disposition of Misconduct Complaints**: (SA par 216.)
The SPD's Professional Standards Unit is making significant progress on preparing "anonymized" (no names used) summaries of the disposition of police misconduct complaints (Special Orders (SO's) and Preliminary Investigations of Employees (PIE's)) from April, 2022 and going forward. These summaries will be posted on a designated section of the SPD website and linked directly from SPD's home page with prominent language that clearly indicates to the public that the link provides information about completed investigations of police misconduct by SPD employees. These summaries will include dispositions of complaints handled by the Police Superintendent, as well as the disposition of cases after hearings held by the Board of Police Commissioners, and will be posted on the SPD website when completed.

**e. the Board of Police Commissioners' communications with complainants to ensure that they are apprised of the status of their individual complaints.**

Through September, 2025, the majority of Special Order ("SO") IIU investigations that were scheduled for hearings before the Board of Police Commissioners stemmed from internal SPD complaints rather than citizen's complaints.

From January to September, 2025, there were 15 completed SO investigations, 4 of which were from citizen complaint investigations. Of those citizen complaints, none resulted in hearings before the Board, because the potential discipline for each case was for a suspension of 5 days or less, which were directed to the Superintendent for disposition. The Superintendents' dispositions of the 4 citizen's complaints were as follows:

*Unfounded

*Sustained, with a letter of counseling

*Unfounded

*Unfounded as to the citizen complaint, but included a written reprimand for violations found during the investigation that were not related to the complaint.

When an SO investigation resulting from a citizen's complaint comes before the Board for a disciplinary hearing, the IIU investigator assigned to the case communicates with the complainant. This is usually done over the phone, so the investigator can schedule the hearing and determine the complainant's availability to appear and testify at the hearing. After the hearing is concluded, the IIU investigator contacts the complainant to inform them of the disposition of the case, and whether the subject officer was disciplined or not, as the complainant must leave the hearing after their testimony is concluded, per Executive Session requirements.

The Chairperson of the Board of Police Commissioners will also send the complainant a letter letting them know that the hearing was completed, and whether the subject officer received discipline or not. The details of the discipline are not disclosed for privacy purposes.

**Classification of complaints**

**Administrative inquiry (AI):** a review of a complaint by a supervisor in the involved officer's chain of command and is appropriate where a complaint on its face does not indicate officer misconduct. (SA, par. 248)

**Preliminary Investigation of Employee (PIE):** an internal referral for officer misconduct that is of a less serious nature and handled by supervisory officers. A PIE is appropriate where a citizen's complaint alleges rudeness or minor violations of SPD Rules and Regulations. (SA, par. 279)

15

**Special Order (SO):** a complaint or internal referral for officer misconduct that is of a serious nature and handled by the Internal Investigation Unit (IIU). Allegations of serious misconduct include the use of excessive force, corrupt acts, or an alleged violation of a citizen's constitutional rights. SO's are also appropriate when there is a custodial death of a prisoner, officer involved shooting, or a departmental vehicle pursuit that results in death or serious bodily injury. (SA, par. 283)

**Status of the complaint:** Whether an investigation has started, is pending, or completed, and whether the case will go to a hearing before the BOPC, or be handled by the Superintendent or the subject officers' supervisor. The SPD Professional Standards Unit is working on creating a link on the SPD website so that complainants can check the status of their complaints, including whether the complaint is received, the investigation has started, the investigation is completed, and whether the case is awaiting disposition.

**Hearing Scheduled:** If a citizens complaint will result in a hearing before the BOPC, the complainant will be notified by the IIU investigator, and may be asked to appear as a witness in the case. Most hearings are held in Executive Session, rather than an Open (public) Session, to protect the confidentiality of the complainant and the subject officer. However, the subject officer may request that the hearing be held in Open session, per the Mass. Open Meeting Law. This is rarely done but is something the complainant needs to be made aware of.

**Post Hearing/Disposition:**
After a disciplinary hearing is completed, the BOPC Chairperson will send a letter to the complainant letting them know that the hearing was completed, and whether the subject officer received discipline or not. The details of the discipline are not disclosed for privacy purposes.

If a civilian complaint is referred to the Police Superintendent for disposition, the Superintendent will send a letter to the civilian complainant explaining the outcome of the disciplinary process after it is completed. Again, the details of the discipline, if any, are not disclosed for privacy purposes.

16

## <u>RECOMMENDATIONS TO POLICE SUPERINTENDENT AKERS AND MAYOR SARNO):</u>

### <u>Recommendations from/to Police Superintendent Akers:</u>

### <u>Section (a):</u>

Supt. Akers has proposed applying QR codes on SPD vehicles so citizens can easily obtain information about SPD using their cell phones. The SPD Professional Standards Unit is looking into the most efficient way to utilize this technology to assist people in obtaining information about SPD's processes and programs, including making citizen's complaints, as well as community engagement opportunities.

Supt. Akers noted the process for persons making Citizen's Complaints at the 130 Pearl Street front window has been improved, requiring a police supervisor to assist the person in preparing their complaint, providing them with a copy for their records, and ensuring the complaint is entered into the Internal Investigation Unit's secure mailbox to be picked up daily.

### <u>Section (d):</u>

One of the Board members suggested that photos of the members of the Board of Police Commissioners be posted in the SPD roll call room so that officers and supervisors know who they are. This request will be directed to Supt. Akers for review.

### <u>Recommendations to Mayor Sarno - Section (b):</u>

1) <u>Should the Board of Police Commissioners' budget be moved to a separate non-police budget?</u>

Comments from interviews with the individual members of the Board of Police Commissioners indicate that the current budget process with a separate line item under the Springfield Police Department is working fine and there are no issues.

Each of the Board members separately indicated that they have the equipment and assistance they need to perform their duties. They also mentioned that whenever they have requested additional assistance, such as training and membership in the "National Association for Civilian Oversight of Law Enforcement (NACOLE)", the assistance has been provided to them.

As noted in section (b), for the Board's annual budget to be fully independent of the SPD, the City Council and the Mayor would have to approve changes to the City Ordinance regarding the Board. (It should be noted that no other City Board or Commission has a budget which is completely independent of the City department which it is aligned with.)

17

2) Qualifications of Candidates for the Board of Police Commissioners:

The Mayor has the exclusive authority to approve candidates for membership on the Board of Police Commissioners. It is recommended that there be a robust vetting process, and possibly background checks for BOPC finalist candidates (conducted independently from SPD), resulting in a written report to the Mayor, before a person is appointed to the Board. It is the Mayor's purview to determine what qualifications applicants for membership on the Board should possess.

3) Provide Training to New Members of the Board of Police Commissioners:

The Board of Police Commissioners recommend that newly appointed members be trained on the Board of Police Commissioners Manual, the Internal Investigation Unit Manual, the Open Meeting Law, the procedures for conducting Civil Service disciplinary hearings (including "just cause" for discipline), the Settlement Agreement required "dispositions" of charges/burden of proof for disciplinary hearings, and the SPD Disciplinary Matrix, as soon as possible to assist new Commissioners participating in such hearings. This training can be conducted by the City Labor Relations Department, and the City Law Department. This training is ongoing for new Board members and for existing members as well.

In addition, it would be helpful for all Commissioners to receive training on the Use of Force on an annual basis, as part of their monthly trainings. This training can be delivered by the SPD Academy Training Staff, the Professional Standards Unit. and/or by outside training experts, including the Municipal Police Training Committee (MPTC).

### Conclusion:

Within three (3) months of the issuance of this report, the Mayor will determine which of the Board of Police Commissioners' recommendations to adopt, with a public explanation for adopting or not adopting each recommendation.


*Respectfully submitted,*

*The Board of Police Commissioners:*
*Albert Tranghese, Chairman; Robert "Cee" Jackson; Madeline Fernandez; Paul Phaneuf;*
*and Clinton R. Harris*

*and*

*Police Superintendent Larry Akers*


18

# EXHIBIT A

## SPRINGFIELD POLICE DEPARTMENT
## CITIZEN COMPLAINT AND COMPLIMENT FORM

Case 3:22-cv-30043-MAP    Document 116    Filed 04/27/26    Page 20 of 23

## Springfield Police Department

Citizen
Compliment
&
Complaint
Form

### Internal Investigations Unit



**Lawrence E. Akers**
**Police Superintendent**

**For further assistance contact:**
**Internal Investigation Unit**
**413-787-6383**
**SpringfieldMaPolice.com**

## Citizen Compliment and Complaint Form

We, the Springfield Police, are committed to providing the highest quality of police services by empowering our members and the community to work in partnership with the goal of improving the quality of life within Springfield, Massachusetts, while at the same time maintaining respect for individual rights and human dignity.

*Revised March 2025*

Our goal is to ensure that our employees are guided by the principles that every individual has infinite dignity and worth, and that we must show respect for the citizens we serve and for the men and women of the Department.

A citizen compliment or complaint, and its subsequent investigation, causes the police to examine the service that we provide to our community and to make necessary improvements in the way we provide those services.

Each complaint will be investigated and appropriate follow up actions taken. You will be informed of the results of the investigation initiated by your complaint. For more information, see the Citizen Compliment and Complaint Process brochure.

If you have a complaint or you would like to compliment an employee, you can fill out this form and either mail it or drop it off at the Internal Investigations Unit Office at 299 Page Boulevard, 130 Pearl Street or 36 Court Street. Please call 413-787-6383 if you have any questions or need assistance filling out the form.

Compliments and complaints may be submitted regarding the agency or any department employee's actions.

## From the Superintendent

Thank you for taking your time to let us know how the Springfield Police Department can better improve the service we provide to the community. Community policing depends on a working partnership between the police and the citizens we serve. We would rather not get to know our citizens as crime victims or complainants, but when problems arise it is our goal to resolve the issue quickly and courteously.

**During normal business hours, forms can be obtained at the following locations:**

*24 Hours a day:*
**Springfield Police Dept.**
130 Pearl Street
Front Desk 413-787-6322*
**Squad Commanding Officer 413-787-6325
*Request to speak with a supervisor or the commanding officer on duty.***

*During Business Hours:*
**District Court, Clerks Office**
50 State St. 413-748-8600
**City Hall, Room 214**
36 Court St. 413-787-6094 or 311
**Indian Orchard Citizen Council**
117 Main St., Indian Orchard, 413-209-8240
**New North Citizen Council**
3012 Main St., 413-747-0090 or 413-732-3229
**South End Citizen Council**
510 Main St., 413-732-5105
**Springfield Police Dept., IIU**
299 Page Boulevard, 413-787-6383
**Urban League**
1 Federal St., Building 111-3, 413-739-7211

This form may be downloaded from our Website:
**SpringfieldMaPolice.com**

**REMINDER: The procedures for filing your complaint(s) are as follows:**
1. **Hand delivered:**
   130 Pearl St., 299 Page Blvd. or 36 Court St.
2. **U.S. Mail:**
   Springfield Police Dept.,
   P.O. Box 308, Springfield, MA 01101-0308
3. **Email:**
   IIUSubmit@SpringfieldPolice.net

# Springfield Police Department
# Citizen Compliment/Complaint Form

*Online Form*

Name of Citizen            Address (Street, City State, Zip)            Telephone Number

Personnel Complimented/Complained About (Name, Rank, Badge Number, if known)

Personnel Complimented/Complained About (Name, Rank, Badge Number, if known)

The following is not necessary but it will help with our statistics in reporting accurately to the Federal Government, thank you: _____

       Age          Race         Ethnicity        Sex

**What Happened**: (describe in your own words, everything you consider necessary for the police to investigate your complaint such as the date, time, location, etc. Use additional paper if necessary.) You may also use this form if you wish to compliment an officer on his or her conduct. Please also be as detailed as possible.

_____

_____

_____

_____

_____

_____

_____

Are You Willing to Testify?            Were There Witnesses?            If Yes, Please List:

Name                Address                Telephone Number

Name                Address                Telephone Number

I understand that I will be informed of the result of the Police investigation and the disposition of my compliment/complaint. I am (am not) willing to testify at any hearing in connection with this I have read the above statement and it is true and accurate to the best of my knowledge.

Signature _____    Witness _____

Received at _____    Date _____

Signature of Receiving Authority _____

*"E-Signature(s)", and signature(s) to this form transmitted by facsimile or by electronic mail shall be valid and effective to bind the Party so signing. Each Party agrees to promptly deliver an execution original to this form with its actual signature to the other Party, but a failure to do so shall not affect the enforceability of this form.*



## THE CITY OF SPRINGFIELD, MASSACHUSETTS
### MAYOR DOMENIC J. SARNO
*HOME OF THE BASKETBALL HALL OF FAME*

March 31, 2026

Attorney Stephen Buoniconti
City Solicitor
Law Department, Room 210
36 Court Street
Springfield, MA 01103

Dear Solicitor Buoniconti:    "*Steve*"

I have reviewed the Board of Police Commissioners Oversight and Improvement Report and hereby acknowledge and accept the finds in the report, excluding the budgetary recommendation on the Board of Police Commissioners. The City will continue to support the Board and provide all necessary financial support as is being done in the moment.

Respectfully,                    "Good health & Happy Easter too."
                                         God Bless.

Domenic J. Sarno
Mayor

City of Springfield • 36 Court Street • Springfield, MA  01103-1687 • (413) 787-6100